# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 19-CR-4088-BCW-01 |
| ANTHONY MARTINEZ HARRIS, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Pending before the Court are *pro se* Defendant Anthony Martinez Harris's "Motion Pro Se For Compulsory Counterclaim" and "Motion Pro Se For Challenges of Confinement." (Docs. 171, 176). This Court construes the motions as (1) motion for ineffective assistance of counsel, (2) motion to suppress evidence, and (3) motion for *Franks* hearing. For the reasons that follow, it is recommended that the motions be DENIED.

## I. Background

An indictment was filed by a federal grand jury on November 13, 2019, charging Mr. Harris with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count One), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two). (Doc. 1).

The charges in this case arose from the Defendant's arrest at the Sleep Inn hotel in Camdenton, Missouri, on September 26, 2019. That afternoon, Camdenton police officer Nick Thomas responded to the Sleep Inn at the request of hotel staff to help remove a hotel guest from the property. (Docs. 10, 131). Upon Officer Thomas's arrival, the hotel owner reported that Anthony Harris had been uncooperative in vacating the property after being asked to do so by staff

members who could smell the odor of marijuana coming from his room. *Id*. The owner escorted Officer Thomas to the fourth floor where hotel staff and Mr. Harris were standing in the hallway outside his hotel room. (Doc. 131). Officer Thomas informed Mr. Harris, in accordance with the owner's wishes, that he needed to collect his belongings and leave the premises. *Id*. But because Mr. Harris's keycard to his room had been deactivated, housekeeping staff had to let him into the room to collect his belongings. *Id*. When housekeeping staff propped open the door, Officer Thomas saw in plain sight money scattered across the bed and a white powdery substance on the coffee table. *Id*. Accordingly, Officer Thomas detained Mr. Harris and called for backup. *Id*.

Officer Thomas then read Mr. Harris his *Miranda* rights. Before Officer Thomas could say anything further, Mr. Harris told him that he was involved with the "cartel" and "MS-13." (Docs. 10, 131). He also allegedly offered Officer Thomas $50,000 to let him go. *Id*. During the search of the room, Officer Thomas found a large quantity of controlled substances, a set of scales, and some drug paraphernalia. Officer Thomas then picked up a clay-like object that was covered in a bandana. (Docs. 6 and 10). As the officer was inspecting the object, Mr. Harris allegedly said, "That's C-4." *Id*. The officers immediately exited the room and began evacuating the hotel while Officer Thomas escorted Mr. Harris to his patrol car and transferred him to the Camden County Jail to be placed on a 24-hour hold. The hotel remained unoccupied until the building was declared safe by the explosives ordinance team. (Doc. 6).

Area Narcotics Group Task Force Officer Brian Pratt arrived at the hotel shortly after Officer Thomas transported Mr. Harris to the jail. He discovered that a key to a Kia found in Mr. Harris's pocket matched a Kia located in the hotel parking lot. (Docs. 10, 131). Officer Pratt investigated the Kia and confirmed that it had been reported stolen by the Kansas City, Missouri Police Department. Officer Pratt then conducted searches of Mr. Harris's hotel room and the Kia,

pursuant to state-court warrants, finding contraband in both. The searches yielded 756 grams of crystal methamphetamine, approximately 581 ecstasy pills, and lesser quantities of heroin, cocaine, and PCP. (Doc. 6). Also, the searches revealed three handguns, a .223 semi-automatic rifle, ammunition, various drug paraphernalia, and $11,259 in U.S. currency. *Id*.

For over a year, Mr. Harris was represented by appointed counsel. He then filed a *pro se* Motion for Self-Representation that was granted following a *Faretta* hearing. (Docs. 147, 151). Since February 11, 2021, Mr. Harris has proceeded *pro se*.

## II. Discussion

### A. Motion for Ineffective Assistance of Counsel is Premature

Mr. Harris claims ineffective assistance of counsel against defense attorneys Steven R. Berry, Jeffrey R. Kays, and Scott A. Hamblin. Mr. Harris previously filed a habeas motion under 28 U.S.C. § 2255 in our Court on August 10, 2020. *See Harris v. USA*, No. 2:20-CV-4152-BCW (W.D. Mo. Aug. 10, 2020). That case was dismissed on August 14, 2020, as premature because § 2255 provides relief only to prisoners who are "in custody *under sentence* of a court." *Id*. at (Doc. 3); 28 U.S.C. § 2255(a) (emphasis added). Given this issue remains premature at this pretrial stage, it is recommended this motion be denied.

### B. Motion to Suppress Evidence is already Pending with the Court

Mr. Harris moves yet again for an order suppressing his statements to law enforcement while at the Sleep Inn hotel in Camdenton, Missouri, on September 26, 2019. He also moves to exclude the physical evidence collected by law enforcement. For the reasons set forth in the pending Report and Recommendation (Doc. 131), the Court found Mr. Harris's arguments unavailing and recommends his motion to suppress evidence be denied as moot.

### C. Defendant Has Not Made a Substantial Preliminary Showing for *Franks* Hearing

Mr. Harris moves for a a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), in

connection with his motion to suppress. "Defendant first claims Officer Thomas deliberately or recklessly made false statement or omitted critical information from the affiant officer B.A. Pratt, which [applied] and mislead the issuing Judge."

To be entitled to a *Franks* hearing, a defendant must make "a substantial preliminary showing" not only that the affidavit contained false information, but that the inaccuracies were the result of "deliberate falsehood or reckless disregard for the truth" and were "necessary to the finding of probable cause." *Franks*, 438 U.S. at 155–56, 171; *see also United States v. Mathison*, 157 F.3d 541, 547–48 (8th Cir. 1998). "A mere allegation standing alone, without an offer of proof in the form of a sworn affidavit of a witness or some other reliable corroboration, is insufficient to make the difficult preliminary showing." *Mathison*, 157 F.3d at 548.

A *Franks* hearing is appropriately granted only in "very limited circumstances." *United States v. Ozar*, 50 F.3d 1440, 1445 (8th Cir. 1995). Here, the record lacks reliable corroboration to support Mr. Harris's allegation that the sworn statements in the search warrant affidavits included deliberately false information. Mr. Harris's arguments are unpersuasive and it is recommended that his motion for a *Franks* hearing should be denied.

### III. Conclusion

First, IT IS RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order DENYING Defendant Harris's motion for ineffective assistance of counsel.

Second, IT IS RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order DENYING as moot Defendant Harris's motion to suppress evidence.

Third, IT IS RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order DENYING Defendant Harris's motion for a *Franks* hearing.

Counsel and Mr. Harris are reminded that each party has fourteen (14) days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 23rd day of March, 2021, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge